IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT G. BARD, | ) | Case No. 3:21-cv-36 |
| | ) | |
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
| | ) | |
| v. | ) | |
| | ) | |
| BATES GROUP LLC; JENNIFER | ) | |
| STOUT, *CEO*; BENJAMIN PAPPAS, | ) | |
| *President*; PETER KLOUDA, *Director*; | ) | |
| and BETH FULLER, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Pending before the Court is Defendants Bates Group LLC ("Bates Group"), Jennifer Stout ("Stout"), Benjamin Pappas ("Pappas"), Peter Klouda ("Klouda"), and Beth Fuller's ("Fuller") (collectively, the "Defendants") Motion to Dismiss pro se Plaintiff Robert G. Bard's ("Bard") Complaint. (ECF No. 15). Bard's Complaint alleges various Pennsylvania state tort claims against the Defendants. (ECF No. 8).[1] Bard seeks punitive and compensatory damages in the sum of $23.7 million. (*Id.* at 7).

---

[1] Bard's state law claims are detailed in Sections II and IV, *infra*. In addition to those claims, Bard asserts in his Response to the Defendants' Motion that the Defendants "violated [his] [c]onstitutional [r]ights." (ECF No. 21 at 6; *see id.* at 1) ("[D]efendants violated[] . . . Bard's Due Process and depriv[ed] Bard's Rights and Liberty afforded to him by the Constitution."). However, even construing the Response as an amended complaint and the assertion therein as a Fourteenth Amendment Due Process claim, Bard has not offered sufficient facts to make this claim plausible. Further, no matter how liberally the Court construes the document or assertion, the Fourteenth Amendment "erects no shield against merely private conduct[.]" *Shelley v. Kraemer*, 334 U.S. 1, 13 (1948). In this case, although the Defendants testified on behalf of the Government, they remained private actors. *Cf. Briscoe v. LaHue*, 460 U.S. 325, 329–30 (1983) ("It is beyond question that, when a private party gives testimony in open court in a criminal trial, that act is not performed 'under color of law.'").

1

The Defendants' Motion is fully briefed (ECF Nos. 18, 21) and ripe for disposition. The Defendants have moved for dismissal of all claims against them on multiple grounds, including their assertion that the applicable statute of limitations acts as a bar to Bard's claims. (ECF No. 15).[2] For the following reasons, the Court finds that Pennsylvania's statute of limitations bars Bard's claims and **GRANTS** Defendants' Motion to Dismiss Plaintiff's Complaint. (*Id.*).

I.  Jurisdiction

The Court proceeds with the understanding that it has jurisdiction over this action because the parties are diverse and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.[3]

---

[2] In total, Defendants raise six defenses:

   A. Defendants are entitled to witness immunity for the expert reports and testimony offered during Plaintiff's criminal proceedings;
   B. *Plaintiff's claims are barred by the applicable statute of limitations;*
   C. Plaintiff's claims are barred by the doctrine of collateral estoppel;
   D. Plaintiff has failed to plead facts sufficient to state any plausible claim upon which relief may be granted;
   E. Plaintiff[] has failed to comply with the pleading requirements under the Federal Rules of Civil Procedure; and
   F. Plaintiff has failed to state claims for vicarious liability and negligent supervision.

(ECF No. 15 ¶ 31) (emphasis added). However, because the Defendants' statute of limitations argument is dispositive, the Court declines to discuss the other five defenses.

[3] The parties do not dispute subject-matter jurisdiction. Nevertheless, contrary to Bard's Complaint, which alleges federal question jurisdiction, (ECF No. 8 at 2), it appears to the Court that its jurisdiction over this action is based on the diverse citizenship of the parties. Indeed, all documents possessed by the Court present every indication that Bard is domiciled in Pennsylvania, and that Stout, Pappas, Klouda, and Fuller are domiciled in Oregon. (*See* ECF Nos. 8, 15, 18, 21). Also, "the citizenship of an LLC is determined by the citizenship of its members," *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010), and the Court has no evidence before it indicating that Bates Group has any members with Pennsylvania citizenship. (*See* ECF Nos. 8, 15, 18, 21).

## II. Background[4]

In 2013, a jury sitting in the United States District Court for the Middle District of Pennsylvania convicted Bard of offenses such as securities fraud and wire fraud.[5] On March 11, 2014, the district court held a pre-sentencing evidentiary hearing on the amount of loss caused by Bard's crimes.[6] Fuller testified on behalf of the Government at Bard's trial, and Klouda testified on behalf of the Government during the pre-sentencing hearing. (ECF No. 8 at 2). This suit, which Bard commenced on March 8, 2021, (*see* ECF No. 1), arises out of their testimonies. (*See* ECF No. 8).

According to Bard, "[b]oth Fuller and Klouda misrepresented and falsely testified as to the loss amount." (*Id.* at 2). Specifically, Bard alleges that Fuller and Klouda testified falsely in the following two ways: first, they testified that "Bard sold investor's stocks," even though the "stocks were not sold,"[7] and, second, they "did not use the correct cost basis when calculating loss/gain." (*Id.* at 4).

---

[4] Unless otherwise noted, the Court draws the following facts, which it accepts as true for purposes of deciding Defendants' Motion, from Bard's Complaint. (ECF No. 8).

[5] Verdict Form, UNITED STATES OF AMERICA V. ROBERT G. BARD, No. 1:12-CR-181 (M.D. Pa. Aug. 22, 2013), ECF No. 91; *United States v. Bard*, 625 F. App'x 57 (3d Cir. 2015); *see Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) ("To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record.") (internal quotation marks and citations omitted); *S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999) ("[O]n a motion to dismiss, [a court] may take judicial notice of another court's opinion.").

[6] *See* Transcript of Proceedings Evidentiary Hearing, UNITED STATES V. BARD, No. 1:12-CR-181 (M.D. Pa. June 2, 2014), ECF No. 112 at 1.

[7] Bard alleges that "[o]ther [b]rokers and/or TD Ameritrade transferred Bard's investor's accounts without any sale of the stocks." (ECF No. 8 at 4).

Regarding the sale of stocks, Bard alleges that Fuller "prepared exhibits and presented them at trial that clearly show[] that stocks were not sold upon Bard and TD Ameritrade ceasing their relationship." (*Id.*). In like fashion, Bard asserts that Klouda "testified that stocks were sold upon TD Ameritrade ceasing their relationship with Bard. Prepared exhibits by Fuller clearly refute this not to be the case." (*Id.* at 6).

Regarding the cost basis used, Bard avers that Fuller "never attempted to satisfy the requirement to know/use the actual purchase price (cost basis) when calculating gain/loss for stocks." (*Id.* at 4). In like fashion, Bard alleges that Klouda "made no attempt to use the original cost basis" during his testimony. (*Id.* at 6).

At the time of the testimony, Bates Group employed Klouda and Fuller,[8] and Stout and Pappas were Bates Group's CEO and President, respectively. (*Id.* at 1–3.). Bard alleges that Bates Group is liable for Klouda and Fuller's testimony, contending that "Bates Group LLC failed to supervise expert's testimony to assure accuracy." (*Id.* at 2). He adds that "Bates Group LLC was negligent by allowing false testimony to be presented at trial and the Loss Hearing." (*Id.*).

Notwithstanding the caption and a description of their positions at Bates Group, Bard's Complaint is silent on Stout and Pappas's relevance to his allegations. (*See* ECF No. 8). However, in his brief, Bard implies that their liability is based on respondeat superior and negligent supervision theories. (*See* ECF No. 21 at 6). Bard states: "A reasonable person would believe Stout and Papas were fully aware and were active in the testimony being

---

[8] Klouda was Bates Group's Director and Fuller offered expert testimony on behalf of the company. (ECF No. 8 at 1–3).

4

offered as 'expert' testimony. Aside from Klouda and Fuller being held responsible for their actions, Stout and Pappas simply failed to supervise." (*Id.*).

### III.    Legal Standard

The Court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) when the complaint fails "to state a claim upon which relief can be granted." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citation omitted). The Federal Rules of Civil Procedure demand only "'a short and plain statement of the claim showing that the pleader is entitled to relief'" to give the defendant fair notice of what the claims are and the grounds upon which they rest. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)); *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Defendants move to dismiss Bard's claims under Rule 12(b)(6) because, among other things, they are barred by the applicable statute of limitations. (ECF No. 15 ¶ 31). The Federal Rules of Civil Procedure do not explicitly permit the assertion of a limitations defense in a motion to dismiss; rather, the Rules technically require that affirmative defenses be pleaded in the answer. *See* FED. R. CIV. P. 12(b). "However, the law of this Circuit (the so-called 'Third Circuit Rule') permits a limitations defense to be raised by a motion under Rule 12(b)(6) . . . if 'the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations.'" *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002) (quoting *Hanna v. U.S. Veterans' Admin. Hosp.*, 514 F.2d 1092, 1094 (3d Cir. 1975)). Accordingly, if the time-bar is apparent on the face of the complaint, it may serve as a ground for dismissal under Rule 12(b)(6). *See id.*

IV. **Discussion**

When the Court construes Bard's Complaint liberally, it finds that he asserts claims of fraud and negligence. Further, looking to the face of Bard's Complaint, the Court finds that his claims are governed, and barred, by Pennsylvania's two-year statute of limitations. 42 Pa. Cons. Stat. § 5524 (2022).[9] Therefore, pursuant to the Third Circuit Rule, the Court grants the Defendants' Motion, (ECF No. 15), dismissing all of Bard's claims under Rule 12(b)(6).

A. **Claims Asserted**

"The obligation to liberally construe a *pro se* litigant's pleadings is well-established." *Higgs v. Atty. Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011); *see Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). A pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). The Court must therefore interpret Plaintiff's pleadings "to raise the strongest arguments suggested therein." *Hodson v. Alpine Manor, Inc.*, 512 F. Supp. 2d 373, 384 (W.D. Pa. 2007).

In accordance with these requirements, the Court liberally construes Bard's Complaint, (ECF No. 8), to raise four common law tort claims: (1) fraud against Fuller and Klouda; (2) negligence against Fuller and Klouda; (3) negligence against Bates Group, Stout,

---

[9] Federal courts exercising diversity jurisdiction apply federal procedural law and state substantive law. *See Erie R. Co. v. Tompkins*, 304 U.S. 64, 78–79 (1938). And state statutes of limitations are substantive laws. *Lafferty v. St. Riel*, 495 F.3d 72, 76 (3d Cir. 2007).

and Pappas under respondeat superior; and (4) negligent supervision against Bates Group, Stout, and Pappas. For purposes of this Memorandum Opinion and Order, the Court will treat these as Counts I, II, III, and IV, respectively.

First, the Court construes Bard's following statements as alleging fraud: Fuller and Klouda's "misrepresentations were fraud on the court[,]" they "maliciously created a false narrative to the court and jury[,]" and their "misrepresentations ha[ve] damaged Bard psychologically and ha[ve] caused life altering pain and suffering to him and his family." (*Id.* at 2, 7; *see also* ECF No. 21 at 4) (illustrating this claim by stating that "Fuller/Klouda willfully committed fraud . . . .").

Second, the Court construes Bard's numerous references to the testimony as a "mistake" that resulted in harm as alleging negligence against Fuller and Klouda. (*See, e.g.*, ECF No. 8 at 7).

Third, the Court construes Bard's claim that Bates Group "was negligent by allowing false testimony to be presented at trial and the Loss Hearing" as alleging negligence under a respondeat superior theory. (*Id.* at 2).

Fourth, the Court construes Bard's claims that Bates Group "failed to supervise . . . [and] failed to provide oversight to Fuller and Klouda['s]" testimony as alleging negligent supervision. (*Id.*). In addition to Bates Group, Bard appears to impute liability for these last two claims to Stout and Pappas.[10]

---

[10] As discussed above, Bard's Complaint fails to make any mention of Stout and Pappas's connection to Bard's allegations. (ECF No. 8). However, because Bard appears to impute liability to Stout and Pappas throughout his Response to the Defendants' Motion, (*see, e.g.*, ECF No. 21 at 6), and in an effort to liberally construe Bard's submissions to the Court, the Court construes Bard as having asserted a claim for negligent supervision against Stout and Pappas.

In short, the Court proceeds with the understanding that Bard's Complaint exclusively alleges Pennsylvania state torts of fraud and variants of negligence.[11] However, the Court declines to address any of Bard's claims on their merits because, as explained below, they are all clearly barred by Pennsylvania's statute of limitations.

**B. Statute of Limitations**

Under Pennsylvania law, the statute of limitations for fraud is two years. 42 Pa. Cons. Stat. § 5524(7) (prescribing a two-year limitation for the commencement of "[a]ny other action or proceeding to recover damages for injury to [a] person . . . which is founded on negligent, intentional, or otherwise tortious conduct or any other action . . . including deceit or fraud"); *see LabMD Inc. v. Boback*, 47 F.4th 164, 182 (3d Cir. 2022); *Bral Corp. v. Johnstown Am. Corp.*, 919 F. Supp. 2d 599, 610 (W.D. Pa. 2013). Similarly, the statute of limitations for negligence is two years. 42 PA. CONS. STAT. § 5524(2) (prescribing a two-year limitation for the commencement of "[a]n action to recover damages for injuries to the person . . . caused by the . . . negligence of another"); *Klein v. Com. Energy, Inc.*, 256 F. Supp. 3d 563, 589 (W.D. Pa. 2017).

Generally, a "statute of limitations period begins to run when a cause of action accrues; *i.e.*, when an injury is inflicted and the corresponding right to institute a suit for

---

[11] To the extent Bard argues that he raised other tort claims, such as intentional misrepresentation, *see Gibbs v. Ernst*, 647 A.2d 882, 889 (Pa. 1994), those too would be time-barred for the reasons discussed below. *See infra*, Section IV.B; *Dolan v. Hurd Millwork Co., Inc.*, No. 2951 EDA 2015, 2019 WL 2564535, at *9 (Pa. Super. Ct. June 21, 2019) (applying two-year statute of limitations to a claim for intentional misrepresentation).

damages arises." *Gleason v. Borough of Moosic,* 15 A.3d 479, 484 (Pa. 2011).[12] It is the "duty of the party asserting a cause of action to use all reasonable diligence to properly inform him- or herself of the facts and circumstances upon which the right to recovery is based and to institute suit within the prescribed period." *Id.*

However, the "discovery rule acts as an exception … and provides that where the complaining party is reasonably unaware that his or her injury has been caused by another party's conduct, the discovery rule suspends, or tolls, the running of the statute of limitations." *Id.* Further, "[a]pplication of the discovery rule to fraud claims will not eviscerate the statute of limitations because aggrieved parties must still bring their claim within two years of when they learned or should have learned, through the exercise of due diligence, that they have a cause of action." *Beauty Time, Inc. v. VU Skin Sys., Inc.,* 118 F.3d 140, 148 (3d Cir. 1997) (citing *Pocono Int'l Raceway, Inc. v. Pocono Produce, Inc.,* 468 A.2d 468 (Pa. 1983)).

Here, all of Bard's claims arise out of events that allegedly occurred leading up to and during his 2013 trial and his March 2014 pre-sentencing hearing. (ECF No. 8). Further, Bard's Complaint makes it clear that he was aware of the alleged harm caused by Fuller and Klouda's testimony no later than March 2014. (*Id.*). Indeed, by way of example, Bard alleges that Fuller presented exhibits "at trial (in 2013) that clearly show[] that stocks were not sold upon Bard and TD Ameritrade ceasing their relationship." (*Id.* at 4). And Bard

---

[12] "It is well-established that federal courts apply state law to determine when an action accrurues for the purposes of the statute of limitations in matters arising under state law." *Creghan v. Procura Mgmt., Inc.,* 91 F. Supp. 3d 631, 648 (E.D. Pa. 2015).

alleges that Klouda "testified that stocks were sold upon TD Ameritrade ceasing their relationship with Bard. Prepared exhibits by Fuller (which were used at trial in 2013) clearly refute" this assertion. (*Id.* at 6). Therefore, the statute of limitations on all of Bard's claims clearly began to run no later than March 2014, meaning that Bard had until March 2016 to bring his claims to court. *See* 42 Pa. Cons. Stat. § 5524(2), (7). Accordingly, because Bard did not file his Complaint in this matter until March 2021, (ECF No. 8 at 8), his claims are all barred by Pennsylvania's statute of limitations.[13]

Therefore, the Court dismisses Counts I-IV of Bard's Complaint.[14]

## V.    Scope of Dismissal

When a district court dismisses one or more claims pursuant to Rule 12(b)(6), the court must permit the plaintiff the opportunity to amend the complaint unless doing so would be inequitable or futile. *Phillips v. County of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008).

---

[13] In closing, the Court notes Bard's assertion that he "only recently became aware of the full extent of [the] egregious error" made by Fuller and/or Klouda. (ECF No. 21 at 3). However, as applied in Pennsylvania, the discovery rule "[t]ies commencement of the limitations period to the actual or constructive knowledge of at least some form of significant harm and of a factual cause linked to another's conduct, *without the necessity of notice of the full extent of the [injury]*, the fact of actual negligence, or precise cause." *Rice v. Diocese of Altoona-Johnstown*, 255 A.3d 237, 249 (Pa. 2021) (emphasis added) (internal quotation marks and citation added). Therefore, even if Bard only recently became aware of the *full extent* of his alleged harm, that fact would not change the Court's holding that the statute of limitations bars his claims.

[14] Although the Court declines to reach the merits of the Defendants' witness immunity defense, (ECF No. 15 ¶ 31.A), this defense would likely bar Bard's claims even if the statute of limitations did not. *See Briscoe v. LaHue*, 460 U.S. 325, 329–36 (1983); *Hughes v. Long*, 242 F.3d 121, 125 (3d Cir. 2001) ("Witnesses, including public officials and private citizens, are immune from civil damages based upon their testimony."); *Pelagatti v. Cohen*, 536 A.2d 1337, 1342 (Pa. Super. Ct. 1987) ("[I]t is well settled that private witnesses, as well as counsel, are absolutely immune from damages liability for testimony, albeit false, given or used in judicial proceedings."); *see also LLMD of Mich., Inc. v. Jackson-Cross Co.*, 740 A.2d 186, 191 (Pa. 1999) (carving out a narrow exception for the witness immunity doctrine when: (1) a party *contractually* hires an expert witness; and (2) *the party who hired the witness* alleges professional malpractice).

10

Here, due to the time-bar, the Court finds that Bard cannot cure any of his claims by amendment. Therefore, the Court will dismiss his entire Complaint with prejudice.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT G. BARD, | ) | Case No. 3:21-cv-36 |
| | ) | |
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
| | ) | |
| v. | ) | |
| | ) | |
| BATES GROUP LLC; JENNIFER STOUT, *CEO*; BENJAMIN PAPPAS, *President*; PETER KLOUDA, *Director*; and BETH FULLER, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

AND NOW, this 31st day of March, 2023, upon consideration of Defendants Bates Group, LLC; Jennifer Stout; Benjamin Pappas; Peter Klouda; and Beth Fuller's Motion to Dismiss Plaintiff's Complaint, (ECF No. 15), **IT IS HEREBY ORDERED** that the motion is **GRANTED.**

**IT IS FURTHER ORDERED** that pro se Plaintiff Robert G. Bard's Complaint, (ECF No. 8), is **DISMISSED WITH PREJUDICE**. The Clerk shall terminate the Defendants and mark this case closed.

BY THE COURT:

_____
**KIM R. GIBSON
UNITED STATES DISTRICT JUDGE**